**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MINNESOTA**

Kevin Malliji

Plaintiff,

vs.

United Airlines, Inc.,

Defendant.

Case No. CV-01-1783 DWF/AJB

**CONSENT TO AMENDED COMPLAINT** AND ORDER

The parties, through their undersigned attorneys, hereby stipulate and agree as follows:

1. Defendant consents, pursuant to FRCP, Rule 15 (a), to Plaintiff amending his Complaint herein to the form attached hereto.

2. Defendant acknowledges service of the Amended Complaint.

3. Defendant shall answer or otherwise respond to the Amended Complaint on or before March 26, 2002.

Dated: March 19, 2002.

Richard T. Wylie - ID #11912X
701 Fourth Avenue South, Suite 500
Minneapolis, MN 55415
612/337-9581
**ATTORNEY FOR PLAINTIFF**

Dated: March 19, 2002.

Littler Mendelson
By Kathryn Mrkonich-Wilson (per telephone authority)
Kathryn Mrkonich-Wilson - ID# 283605
Multifoods Tower, Suite 3110
33 South 6th Street
Minneapolis, MN 55402-3716
612-630-1000
**ATTORNEYS FOR DEFENDANT**

So Ordered

Dated: 3/25/02

Arthur J. Boylan
U.S. Magistrate Judge

FILED MAR 25 2002
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| Kevin Mallaji,<br><br>Plaintiff,<br><br>vs.<br><br>United Airlines, Inc.,<br><br>Defendant. | Case No. CV-01-1783 DWF/AJB<br><br>**AMENDED COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff complains against Defendant United Airlines, Inc., (hereinafter "United"), as follows:

**NATURE AND PURPOSE OF ACTION**

1. Plaintiff bring this action for redress of injuries suffered as a result of United's violations of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. (hereinafter "Title VII"), The Age Discrimination in Employment Act, 29 U.S.C. § 623 (a)(1); 42 U.S.C. § 1981, and the Minnesota Human Rights Act, Minn. Stat. §363.03 (hereinafter "MHRA").

**JURISDICTION and VENUE**

2. The jurisdiction of this Court is invoked under 28 U.S.C. §§ 1331 and 1343; and the supplementary jurisdiction of this court is invoked under 28 U.S.C. § 1367(a) on Plaintiffs' state law claims.

**COMPLIANCE WITH ADMINISTRATIVE FILING REQUIREMENT**

3. Plaintiff filed a charge of national origin discrimination with the Equal Employment Opportunity Commission (EEOC) and Minnesota Department of Human Rights, on March 9, 2001, which filing constituted timely administrative filing as to his claims under Title

VII, the ADEA and the MHRA. Plaintiff has received right to sue letters dated August 28, 2001 from the EEOC, and August 13, 2001 from the Minnesota Department of Human Rights.

**FACTUAL STATEMENT**

4. In 1999 Plaintiff filed a charge of national origin discrimination against United with the EEOC and Minnesota Department of Human Rights.

5. Between June 2000 and February 2001, Plaintiff applied for employment at United as a customer service representative or baggage handler.

6. United, on each occasion refused to hire Plaintiff.

7. United refused to hire Plaintiff because of his age, then 52, his national origin, Arabic, and in reprisal for his previous claim of discrimination against it.

8. Because of United's non-selection of Plaintiff as aforesaid, Plaintiff has incurred lost income and benefits, lost future earning capacity, emotional distress, humiliation, embarrassment, loss of enjoyment of life, and Plaintiff will continue to suffer said detriments.

**COUNT I: VIOLATION OF TITLE VII**

9. Plaintiff re-alleges and incorporates paragraphs 1-8.

10. Because United failed to hire Plaintiff because of his national origin, and to retaliate against him for his previous charge of discrimination, United violated Title VII.

**COUNT II: VIOLATION OF ADEA**

11. Plaintiff re-alleges and incorporates paragraphs 1-8.

12. Because United failed to hire Plaintiff because of his age, United violated the ADEA.

## COUNT III: VIOLATION OF MINNESOTA HUMAN RIGHTS ACT

13. Plaintiff re-alleges and incorporates paragraphs 1-8.

14. Because United failed to hire Plaintiff because of his national origin, age to retaliate against him, United violated MS 363.03, Subd. 1(2).

## COUNT IV: VIOLATION OF 42 U.S.C. § 1981

15. Plaintiff re-alleges and incorporates paragraphs 1-2 and 5-8 of this Amended Complaint.

16. Plaintiff is a person of Arabic race and ethnicity within the meaning of 42 U.S.C. § 1981.

17. Defendant's failure and refusal to hire Plaintiff as aforesaid was because of his Arabic race and ethnicity, in violation of 42 U.S.C. § 1981.

**WHEREFORE**, Plaintiff requests judgment as follows against United for:

1. Lost back pay and benefits, all multiplied by three, pursuant to Minn. Stat. §363.07;

2. Damages for Plaintiff's past emotional distress, humiliation, embarrassment, and loss of enjoyment of life, multiplied by three pursuant to Minn. Stat. §363.07, multiplied by three pursuant to Minn. Stat. §363.07;

3. Placement, or in the alternative, damages for lost earning capacity or "front pay";

4. Damages for Plaintiff's future emotional distress, humiliation, embarrassment, and loss of enjoyment of life;

5. Liquidated damages under the ADEA;

6. Punitive damages under Title VII and the MHRA;

5. Attorney fees and costs; and

6. Other such relief as may be appropriate to effectuate the purposes of Title VII, the ADEA, 42 U.S.C. § 1981 and the MHRA.

Dated: February 7, 2002.

Richard T. Wylie ID No. 11912X
701 Fourth Avenue South
Suite 500
Minneapolis, MN 55415
612-337-9581
**ATTORNEY FOR PLAINTIFF**