**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MINNESOTA**

---

Kevin Mallaji,

Plaintiff,

United Airlines, Inc.,

Defendant.

---

Case No. CV-01-1783 DWF/AJB

**STIPULATION AND PROTECTIVE ORDER**

Plaintiff and Defendant, by and through their undersigned counsel, hereby stipulate and agree as follows:

WHEREAS, Plaintiff, in connection with his claims herein, seeks to obtain information and documents concerning applicants for employment and information regarding discrimination complaints against Defendant, to which Defendant has objected, in part because this information may be confidential;

WHEREAS, Plaintiff wishes to avoid delay in receipt of such information; and

WHEREAS, Defendant has agreed to produce some, but not all, of the requested information;

THEREFORE, the parties agree as follows:

1. Any provision of information, documents, or deposition testimony about applicants, employees, and complaints of discrimination shall be on the following terms and conditions:

a. Documents to be produced pursuant to this Stipulation and Agreement and pursuant to the accompanying Order shall be considered "Confidential Materials" under the terms of this Stipulation and Agreement and accompanying Order.

SEP 03 2002
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

b. Confidential Materials and information derived therefrom shall be disclosed to and used only by "Qualified Persons," as defined in paragraph 1.d., *infra*., and shall be used solely for the purposes of prosecution or defense of this civil proceeding. Confidential Materials shall not be disclosed to any other person unless and until agreed to by the parties or ordered by the Court hearing this action.

c. If Plaintiff wishes to use or inquire about Confidential Materials or information derived therefrom at any deposition, the portion of the deposition transcript that relates to the Confidential Materials or information derived therefrom may be designated as Confidential by advising the reporter and counsel of such designation during ther course of the deposition or within 30 days after receipt of the transcript, and shall be treated as Confidential Materials subject to the provisions of this Stipulation and Agreement and pursuant to the accompanying Order.

d. Confidential Materials, including portions of deposition transcripts that constitute Confidential Materials or information derived therefrom, may be disclosed or made available by counsel for the parties only to "Qualified Persons" as defined herein. "Qualified Persons" are:

i. The Court;

ii. The parties, or officers or employees of the respective parties with a need to know related to this litigation, counsel for the parties to the action, including in-house counsel and co-counsel, the paralegals, clerical, and secretarial staff employed by such counsel, and any expert witnesses and attendant expert witness staff retained by the parties or otherwise consulted by counsel or a party for the purpose of analyzing data, conducting studies or providing opinions to assist in such litigation;

iii. Court reporters employed in connection with any deposition in the action; and

e. Confidential Materials or information derived therefrom shall not be disclosed by any Qualified Person to any other person or persons, except as provided in subparagraph 1.g. *infra*.

f. If Confidential Materials (including portions of deposition transcripts) or information derived therefrom are to be included in any papers to be filed in the Court, such papers shall be labeled "Confidential," filed under seal, and kept under seal until further order of the Court.

g. Nothing contained in this Stipulation and Agreement and accompanying Order shall preclude a party from showing any Confidential Materials or disclosing information derived therefrom to any actual or potential third party witnesses, either prior to a deposition or trial or during a deposition or trial, provided that:

i. If such disclosure is at a deposition, only Qualified Persons may be present, except for counsel for the witness;

ii. The actual or potential witness may not be given a copy of any Confidential Materials to take with him or her; and

iii. The actual or potential witness shall be provided a copy of this Order and advised that it is applicable to him or her. Such actual or potential witness and his or her attorney shall be bound by subparagraph 1.b. of this Stipulation and Agreement and accompanying Order requiring that Confidential Materials be held in confidence, and shall not disclose the Confidential Materials nor any information derived therefrom to anyone who is not a Qualified Person within the meaning of this order.

2. In the event that any Confidential Materials or information derived therefrom are used in a court proceeding herein not under seal, the confidential nature of such documents or information shall be governed by applicable statute and order of the Court.

3. Nothing herein shall be construed to affect in any way any party's rights to object to the admissibility of any document, testimony, or other evidence at trial.

4. This Stipulation does not constitute an acknowledgement by either party of the correctness of the position of the other party with respect to any discovery dispute between them. Each party reserves the right to assert or defend requests for information through discovery, and Plaintiff's of the information and materials that Defendant has agreed to produce does not constitute a waiver by Plaintiff of any rights he has to the receipt of additional information and materials that Defendant has not agreed to provide.

5. Except as otherwise provided for in this Stipulation and Protective Order, all confidential information and material shall remain in the possession of counsel for the respective parties, and be stored in a secure place.

6. Upon termination of this litigation, counsel for Plaintiff shall promptly return all Confidential Materials and copies thereof to Defendant, except that counsel may maintain one copy for professional liability and professional responsibility purposes.

7. The designation of any document, information, or thing as confidential under this Order is for purposes of this Protective Order only and shall not be used for the purpose of interpretation of other legal or substantive issues raised in this or any other litigation apart from the application of this Stipulation and Agreement and accompanying Order.

Dated: August 23, 2002.

Richard T. Wylie (#11912X)
Attorney at Law
701 Fourth Avenue South, Suite 500
Minneapolis, MN 55415
612-337-9581
**ATTORNEY FOR PLAINTIFF**

Dated: August 29, 2002.

Littler Mendelson
By _____ Heather Ostheman (#288135)
Kathryn Mrkonich-Wilson - ID# 283605
Multifoods Tower, Suite 3110
33 South 6th Street
Minneapolis, MN 55402-3716
612-630-1000
**ATTORNEYS FOR DEFENDANT**

**ORDER**

IT IS HEREBY ORDERED, pursuant to the foregoing Stipulation and Agreement, that Defendant shall produce the above-described documents and information pursuant to the protections set forth above.

Dated: 9/3/02

Honorable Arthur J. Boylan
United States Magistrate Judge

# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA
OFFICE OF THE CLERK

316 N. ROBERT ST., RM. 700
ST. PAUL, MN 55101

300 S. FOURTH ST., RM 202
MINNEAPOLIS, MN 55415

417 FEDERAL BLDG, 515 W. FIRST ST.
DULUTH, MN 55802

# Clerk's Notice In Re: Protective Order

A Protective/Confidentiality Order has been entered in this action. You must comply with the guidelines set forth below when filing **confidential original** documents with the Clerk of U.S. District Court. Failure to do so will cause the documents to be returned.

## *Guidelines for filing with the Clerk:*

A. Documents are to be **sealed** (closed, fastened, taped, or otherwise secured) in an envelope of comparable size no larger than 9 by 12 *(LR5.1 All pleadings, motions, and other papers presented for filing shall be on 8 1/2 x 11 inch white paper...flat and unfolded. this rule does not apply to (1) exhibits submitted for filing; and, (2) documents filed in removed actions prior to removal from the state courts.)*

B. Each envelope must list the following information, and each document is to be in a separate envelope.

- Action/case number
- Brief action/case title
- Party, name, and complete title of document (i.e. Deft. Johnson's Motion for Dismissal) must be noted on each envelope. Motions, affidavits and memorandums are considered three separate documents.
- The word "**SEALED**" or "**CONFIDENTIAL**"

## *Guidelines for filing with a U.S. District Judge or Magistrate Judge:*

In addition to the above procedures, copies for delivery to the U.S. District Judge or U.S. Magistrate Judge are to be marked accordingly and bound together as a set.