**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

KEVIN MALLAJI, Civil No. 01-1783 (DWF/AJB)

Plaintiff,

v. **ORDER**

UNITED AIRLINES, INC.,

Defendant.

---

Richard Wylie, Esq., Wylie Law Office, 701 4th Avenue South, Suite 500, Minneapolis, MN 55415, counsel for Plaintiff.

Kathryn Mrkonich, Esq., Littler Mendelson, 33 6th Street South, Suite 3110, Minneapolis, MN 55402-3720, counsel for Defendant.

---

It has come to the attention of the court that for some reason, such as bankruptcy, an appeal, or a concurrent case in another court, no action can presently be taken in this case pending before this court. The court, therefore, will administratively terminate this case. An order administratively terminating a case is purely an administrative device for the convenience of the court and in no way affects the substantive rights of the parties to proceed before the court at a later date. To terminate a case administratively means to close a case for statistical purposes in the office of the Clerk of Court and the Administrative Office of the United States Courts. The case in actuality remains active and pending before the court, but it is statistically inactive. An administratively closed case can be easily reopened by a simple order of the court when the case is in a posture that the court can once again go forward with it. The case then becomes a statistically active case and resumes the

Filed JAN 0 2 2003
Richard D. Sletten, Clerk
Judgment Entered ____________
Deputy Clerk's Initials ____________

same status it had before the termination without prejudice to the rights of the parties involved.

Accordingly, **IT IS ORDERED** that:

The Clerk of Court shall administratively terminate this case in his records without prejudice to the right of the parties to move to reopen the proceedings for good cause, for the entry of any stipulation or order, or for any other purpose required to obtain a final determination of this litigation.

Dated: January 2, 2003

DONOVAN W. FRANK
Judge of United States District Court

# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

700 Federal Building
316 North Robert Street
St. Paul, MN 55101
(651) 848-1100

202 U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415
(612) 664-5000

417 U. S. Courthouse
515 West First Street
Duluth, MN 55802
(218) 529-3500

## NOTICE

The latest amendments to the federal rules of procedure, (Civil, Criminal, Appellate and Bankruptcy), went into effect on December 1, 2002. The new amendments and related committee notes can be found at www.uscourts.gov/rules/amendments0202.htm.

One change is particularly noteworthy. That is Rule 7.1 of the Federal Rules of Civil Procedure. This rule requires that corporations file a "disclosure statement" whenever they initially appear as a party in a federal court action. The Rule 7.1 Disclosure Statement must identify "any parent corporation and any publicly held corporation that owns 10% or more" of the stock of the corporate party filing the statement. The purpose of the disclosure statement is to help judges and magistrate judges identify potential conflicts of interest. (Similar disclosure statement requirements are prescribed by Rule 26.1 of the Federal Rules of Appellate Procedure and Rule 12.4 of the Federal Rules of Criminal Procedure.)

Beginning December 1, 2002, a Rule 7.1 Disclosure Statement must be filed by every corporation when it first appears in a federal action, even if the corporation merely reports that there is no parent corporation or publicly held corporation that owns 10% or more of its stock. These Disclosure Statements must also be filed retroactively, for every corporation which is a party to an action pending in this District as of December 1, 2002. The retroactive Rule 7.1 statements must be filed immediately.

It also should be noted that there have been extensive stylistic changes, (as well as a few substantive changes), to the Federal Rules of Criminal Procedure. Attorneys who appear in federal criminal cases should review the amended version of the Rules.